IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

In Re:                                            )
                                                  )
BERTHA MAE GEE,                                   )        Case No. 05-71886-drd
                                                  )
            Debtor.                               )

**ORDER ON MOTION TO VACATE ORDER DENYING
CERTIFICATION OF EXIGENT CIRCUMSTANCES TO WAIVE
DEBT COUNSELING PRIOR TO FILING**

This Chapter 13 proceeding was filed on October 20, 2005. Along with the petition, Debtor filed a Certification of Exigent Circumstance to Waive Debt Counseling Prior to Filing, requesting that this Court, pursuant to § 109(h)(3), temporarily waive the requirement contained in § 109(h)(1) that Debtor receive credit counseling in order to be eligible to file a petition. The Certification alleged that a foreclosure sale of Debtor's residence was scheduled at 2:00 p.m. on October 20, 2005, the date of filing. It further alleged that "Debtor's counsel could not be assured a certificate could be supplied prior to the foreclosure" but counsel had advised the Debtor to submit a certification within 30 days of the date of filing.

The Court reviewed the certification and issued an order rejecting it, denying the implied motion for waiver, on the grounds that the certification failed to address and therefore comply with the requirement of § 109(h)(3)(A)(ii) that the Debtor had requested counseling services prior to filing, but was unable to obtain them within a period of five days subsequent to the request. Because Debtor had not obtained or requested the required credit counseling, the Court entered its order dismissing the case on the ground that the Debtor was not eligible to be a debtor under Title 11.

The Debtor has now filed a motion to vacate the order rejecting the certification, expanding on the original certification's description of exigent circumstances. The motion to vacate describes the Debtor's difficulties in obtaining the funds necessary to pay counsel's fee, to communicate with

counsel and to physically reach counsel's office prior to the scheduled foreclosure sale. On the subject of credit counseling, the motion states only that a particular credit counseling service, Consumer Credit Counseling of Springfield, Missouri, does not do counseling on the first day on which it is contacted and that on October 24, 2005 (four days after filing), Debtor contacted Consumer Credit Counseling of Springfield which advised that it would send her the necessary paperwork to complete the counseling.

What the motion to vacate does not say is what it must say in order to warrant this Court's granting a waiver of the credit counseling requirement which is that **prior** to the filing of the petition, the Debtor requested credit counseling services and was unable to get them within a period of five days. The original certification and the motion to vacate essentially concede that the Debtor did not obtain or request credit counseling services prior to the filing of the petition. Without a waiver, Debtor is clearly ineligible to be a debtor under § 109(h)(1) because she did not obtain the required credit counseling services within 180 days prior to the filing of the petition. The Debtor can be eligible for a waiver under § 109(h)(3) only if each of the following three requirements is met: (1) the certification describes exigent circumstances that merit a waiver; (2) it states that the debtor requested credit counseling services from an approved agency, but was unable to obtain the services during the five-day period beginning on the date on which the debtor made the request; and (3) the certification is satisfactory to the Court. These requirements are stated in the conjunctive, meaning that each of the three requirements must be met.

This Court has little doubt that the circumstances in this case are exigent and it did not reject the original certification on the ground that the Debtor had failed to describe exigent circumstances, although the original certification was somewhat cryptic. Rather, the Court rejected the original certification and must deny the motion to vacate because neither demonstrates that the Debtor met

the requirement of § 109(h)(3)(A)(ii), that the Debtor had requested credit counseling services prior to filing the petition and was unable to obtain them during the five-day period after making the request. The motion to vacate therefore does not address the reason for the Court's rejection of the original certificate and offers no justification for this Court's reconsidering its prior decision under Rule 9023 of the Federal Rules of Bankruptcy Procedure or granting the Debtor relief from that order under Rule 9024.

Debtor requests that under the circumstance of this case and because of the need for an immediate filing the Court waive the requirements contained in paragraphs (1) through (3) of § 109(h), including the requirement in § 109(h)(3)(A)(ii). The statute grants the Court the authority to postpone the credit counseling requirement, but only if each of the stated conditions is satisfied. Debtor is essentially asking the Court to ignore one of the plainly stated requirements for granting such a waiver. However, the Court cannot rewrite the statute and declines the Debtor's invitation to do so.

Accordingly, the Debtor is ineligible for a waiver for the exigent circumstances exception. As a result, the Debtor is ineligible to be a debtor under § 109(h) having neither obtained the requisite credit counseling nor demonstrated eligibility for a temporary or permanent waiver. Debtor's Motion that Court Vacate Order Denying Certification of Exigent Circumstance to Waive Debt Counseling Prior to Filing is therefore denied.

SO ORDERED this 26th day of October, 2005.

/s/ Dennis R. Dow  
THE HONORABLE DENNIS R. DOW  
UNITED STATES BANKRUPTCY JUDGE

#8